704 P.2d 1347

The STATE of Arizona, ·Appellant,

v. ·

Miguel TORRES, Appellee.

No. 2 CA–CR 3515.

Court of Appeals of Arizona,
Division 2.

Jan. 21, 1985.

Reconsideration Denied April 19, 1985.

Review Denied Aug. 20, 1985.

Dennis T. Fenwick, Santa Cruz Co. Atty.
by William Ramos, Nogales, for appellant.

Law Offices of Auerbach & Auerbach by
Roger S. Auerbach, Tucson, for appellee.

## OPINION

BIRDSALL, Chief Judge.

The state appeals from an order in the trial court granting a motion to suppress marijuana found in the trunk of the automobile driven by the appellee. The search was conducted without a warrant.

The state first learned of the possible existence and location of the marijuana through an anonymous call to 88–CRIME in Pima County. The information relayed to customs patrol officers in Nogales was that a trunk load of marijuana was going to be transported from Nogales to Pima County. The information included the appellee's name and that a female would be with him in a 1974 brown Ford sedan, license number SRF–158; due to arrive in Nogales at 4:30 p.m., November 17, 1983.

A customs patrol officer saw the vehicle come into Nogales at 4:35 p.m. Later another officer saw it leave the "Short Street" area. That area is next to the Mexican border and notorious as a location for smuggling both drugs and aliens. The vehicle was followed on Interstate 19 toward Tucson for about 3½ miles out of Nogales, then stopped. The driver gave his name as Miguel Torres. He refused to open the trunk so a trained sniffing dog was brought to the scene and alerted to the trunk. The vehicle was seized and taken to the station where the trunk was opened and found to contain 153 pounds of marijuana.

The trial court apparently relied on the Division One opinion in *State v. Turney*, 134 Ariz. 238, 655 P.2d 358 (App.1982). That opinion, following the *Aguilar-Spinelli* [1] test, held that corroboration of an informant's tip must be of incriminating details and not just innocent activity. This holding would have been correct under *Turney*. However, in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527, reh'g denied, 463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed.2d 1453 (1983), the United States Supreme Court abandoned the rigid two-part test of *Aguilar-Spinelli*, substi-

1. *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d·723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

tuting a totality of the circumstances approach.

Using the latter approach in the instant case we are unable to affirm the trial court. The citizen's 88–CRIME call contained much otherwise innocent detail which was all confirmed by observations prior to the stop. The officers observed the car arrive at almost the exact time, with Torres as the driver and a female passenger; the description of the car was accurate including the license number. In addition the car was seen in a location known for its criminal activity, see *State v. Eason,* 124 Ariz. 390, 604 P.2d 654 (App. 1979), and the stop was made by Border Patrol agents near the Mexican border. See *United States v. Brignoni-Ponce,* 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975).

The totality of the circumstances justified the investigatory stop and the dog's drug alert at the trunk justified the search. *State v. Morrow,* 128 Ariz. 309, 625 P.2d 898 (1981).

Reversed.

HOWARD and HATHAWAY, JJ., concur.